# Natale v. St. Anthony of Padua Italian Mut. Relief Society, Appellant.

*Practice and pleading—Municipal Court of Philadelphia County—Beneficial associations.*

In an action in the Municipal Court of Philadelphia County against a beneficial association to recover sick benefits, plaintiff in his statement set forth a by-law providing for sick benefits and averred that he had broken his leg, that he had notified the defendant of the same, and was confined to his room for a stated number of weeks. The defendant in its answer admitted the by-law and averred that it had no knowledge of the nature of plaintiff's illness, and called for proof of the same, but admitted receiving notice of the illness. After answering all the paragraphs in the statement, the defendant added two additional paragraphs to its answer, the first of which recited a by-law to the effect that no benefits could be recovered for a sickness due to intemperance. The second averred as follows: "Deponent is informed and believes, and therefore avers that the illness for which this claim is made was caused by the plaintiff's intemperance." No reply was filed to these additional paragraphs of the answer. At the trial defendant produced no testimony to show that the illness was caused by intemperance, but maintained that under the Act of July 12, 1913, P. L. 711, establishing the Municipal Court, the facts alleged in the additional paragraphs of the answer were admitted. *Held,* that the answer did not sufficiently aver that plaintiff's illness had been caused by intemperance, and that there was consequently no admission of this by the failure to reply.

In such a case the defendant must go further than merely to allege that he is informed and believes, he must aver that he expects to be able to prove the facts at the trial.


Argued Oct. 18, 1916. Appeal, No. 41, Oct. T., 1916, by defendant, from judgment of Municipal Court, Philadelphia Co., Nov. T., 1915, No. 232, for plaintiff in case tried by the court without a jury in suit of Mulinare Natale v. St. Anthony of Padua Italian Mut. Relief Society. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

200 NATALE *v.* ST. A. ITALIAN MUT. R. S., Appellant.

Assignment of Error—Opinion of the Court. [66 Pa. Superior Ct.

Assumpsit for sick benefits. Before GILPIN, J.

The case turned upon the pleadings, the material portions of which are quoted in the opinion of the Superior Court.

The trial judge found in favor of the plaintiff for $161.20.

*Error assigned* was in entering judgment for plaintiff.

*David Serber,* for appellant.

*William F. Rorke,* for appellee.

OPINION BY PORTER, J., March 16, 1917:

The plaintiff was a member in good standing of the defendant beneficial society and brought this action to recover sick benefits, relying upon a by-law of the society which provided: "Members who pay regularly, are entitled to benefits of six dollars per week in case of sickness. He is to be paid every week on the seventh day of the week." He averred, in paragraph three of his statement, that: "On October 22, 1914, he broke his leg and was confined to his home for a period exceeding twenty-six weeks and notified the defendant society as soon as he fell ill." The answer of the defendant admitted that the plaintiff was a member in good standing at the time of the accident and during his illness and also admitted the existence of the by-law recited. The answer to the third paragraph of plaintiff's statement was as follows: "Defendant has no knowledge of the nature of plaintiff's illness, and if material demands proof thereof, but admits receiving notice of said alleged illness." The answers to the other paragraphs of the plaintiff's statement have, for the purposes of this appeal, become immaterial. In addition to replying to the several paragraphs of the statement the answer of the defendant contained two additional paragraphs, viz: "11. Article XV of defendant's by-laws is as follows: 'A member will not be entitled to

benefits for sickness caused by intemperance, abuses, fighting, &c.; nor for any sickness brought on purposely.'" And, "12. Deponent is informed and believes, and therefore avers, that the illness for which this claim is made was caused by the plaintiff's intemperance; wherefore, he is not entitled to any benefits." The plaintiff filed no reply to these additional paragraphs of the defendant's answer and the parties went to trial upon the issue as made up by the statement and answer. The trial resulted in a judgment for the plaintiff and the defendant appeals.

The contention of the appellant is that under the statute regulating practice and procedure in the Municipal Court and the rules of that court, the eleventh and twelfth paragraphs of the answer must be taken as admitted, for the reason that the plaintiff did not reply to the same. The defendant did not at the trial produce any evidence tending to show that the illness of the plaintiff was caused by intemperance, relying entirely upon the theory that, under the statute and the rules of court, that fact must be accepted as established by the pleadings. The provisions of the twelfth section of the Act of July 12, 1913, P. L. 711, establishing the Municipal Court and regulating procedure therein, which are here material, are as follows: "All answers shall be verified by the affidavit of the defendant or his duly authorized agent, and shall be signed by the defendant or his counsel. After defendant has filed an answer the case shall be at issue, without any formal pleas, unless he sets up new matter in separate numbered paragraphs in addition to those answering plaintiff's averments; in which case plaintiff may within five days, answer the same in the same manner, and all new matter so averred by defendant and not denied by plaintiff, or of which he does not declare himself to be ignorant and demand proof, shall be deemed to be admitted. The case shall then be at issue." The learned counsel for defendant argues that the eleventh and twelfth paragraphs of the answer were "new matter"

within the meaning of the statute, and not having been replied to by the plaintiff must be taken as admitted.

This statute provides for proceedings in the Municipal Court a system of special pleading, but it also requires that the pleading shall be verified by affidavit. The answer is, therefore, subject to the same rules which had been applied in the construction of affidavits of defense. If the answer of the defendant had admitted the facts set forth in the third paragraph of plaintiff's statement, to wit, that plaintiff broke his leg and was, as a consequence, ill for twenty-six weeks, and had, in separate paragraphs averred the existence of the by-law quoted in paragraph 11 of the answer, and followed this with a sufficient allegation that the leg had been broken and the plaintiff's illness been caused by his intemperance, the answer would have partaken of the nature of a plea in confession and avoidance. There would thus have been tendered a single and distinct issue, and we do not deem it necessary in the present case to decide whether it would have been incumbent on the plaintiff to reply to the issue thus tendered. The answer did not admit that the immediate cause of plaintiff's illness was a broken leg, it put upon plaintiff the burden of proving that fact. Let us now turn to the paragraphs of the answer which are alleged to have set up new matter. When new matter is set up in an affidavit of defense it must be set forth with the same particularity and positiveness required in a statement of claim. The 11th paragraph does undoubtedly allege, in proper form, the existence of the by-law with regard to injuries resulting from intemperance, but the mere existence of that by-law would not defeat plain-tiff's right to recover unless his injuries were of the character to which that by-law applied. When the defendant society in its answer attempted to bring this case within the operation of that by-law it was required to state the facts in a manner which would have been deemed sufficient in an affidavit of defense. When an affidavit of defense asserts that: "Deponent is informed

and believes, and therefore avers," the existence of certain facts, that is only an averment that the affiant has received the information and believes it. It is not a sufficient allegation of the facts. The defendant must in such a case go further than merely to allege that he is informed and believes; he must aver that he expects to be able to prove the facts, at the trial. His information may be founded upon mere hearsay, or he may have received his information from a person whom he knows to be incompetent to testify, and therefore, he is required to aver that he expects to be able to prove the facts at the ` trial. We must, therefore, hold that the answer did not sufficiently aver the fact that the plaintiff's illness had been caused by intemperance. We do not decide whether or not a sufficient averment of that fact would have been "new matter" within the meaning of the statute.

The judgment is affirmed.